IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


JODIE A. PENNINGTON                                    PLAINTIFF


v.                        Case No. 4:10-cv-1071-DPM


UNIVERSITY OF ARKANSAS;
UNIVERSITY OF ARKANSAS
DIVISION OF AGRICULTURE; and
UNIVERSITY OF ARKANSAS
COOPERATIVE EXTENSION SERVICE             DEFENDANTS


## ORDER

Pennington's motion to compel, *Document No. 40*, is denied without prejudice. He did not comply with Local Rule 7.2(g), which requires that any motion to compel discovery "contain a statement by the moving party that the parties have conferred in good faith on the *specific issue or issues* in dispute and that they are not able to resolve their disagreements without the intervention of the Court."   Counsel for the Defendants have shown a willingness to work with Pennington within the parameters of the Federal Rules to resolve this discovery dispute.  And if the parties can work through this on their own, the Court should not get involved.

Further, Pennington's discovery requests are broad, overly vague, and rather confusing. Taking the time to talk through the specific nature of the material Pennington seeks would be more productive than filing paper. The Court therefore directs the parties to confer in good faith about these discovery issues no later than 12 August 2011. If they cannot resolve any discovery disputes by that date, then they should call the Court to request a hearing rather than filing more paper.

The Court also received email correspondence from Pennington today, which is attached to this Order. Any further correspondence with the Court must be filed with the Clerk so that it will be part of the public record as well. The emails show that Pennington is unhappy about the Defendants' notice to take his deposition. The Court directs Pennington to provide Defendants' counsel three dates before 19 August 2011 when he can be available for deposition. Pennington must propose his dates immediately in order to avoid compromising the August 26th discovery cutoff. The Defendants must file a new notice when they choose from among these dates. Finally, Defendants should also provide dates when their representatives are available for

-2-

deposition.  All the depositions may be done at the same time or not.  In any event, Defendants are entitled to depose Pennington first.

So Ordered.

_D.P.Marshall J._

D.P. Marshall Jr.
United States District Judge

_4 August 2011_



**Fwd: Case 4:10-cv-01071-DPM**
Jodie Pennington   to: dpmchambers                                    08/03/2011 09:11 AM
Cc: Jeff Bell, "Matthew B. McCoy"

1 attachment



Requestinterrogatoriesdocuments.docx

Dear Judge Marshall, I am forwarding this email to you concerning a
deposition that Attorney McCoy from the University of Arkansas
indicated that he filed requesting a deposition on a date when I am
not available.

I earlier talked with Attorney Jeffery Bell, an associate of Attorney
McCoy, and he indicated that they would be willing to provide
documents to me which were similar to what had been requested of me.
Attorney Bell said that they were routine documents in litigation.  I
then requested those documents from defendants on July 28(see attached
requests).  I also requested to use the document from President Sugg
as a template for plaintiff and defendants to use to complete the
request, thinking that he would have such documents available if they
are routine in litigation cases (see attached document).

To me, it seems that my requests are not treated as requests and there
is no responses to the requests.  Almost all of my calls and email
have no response.  I usually ask that I be contacted if there are
questions.

As a Pro Se plaintiff, my knowledge of proper procedure is limited,
but I would like to request a meeting with the court to discuss these
problems and to arrive on a plan that is agreeable to all.  I hope
that this is a valid request.  As I am out-of-state, my best contact
is by cell phone at 501-470-5017 or by email at
jodie.pennington@gmail.com.

Thank you.  Jodie Pennington

Jodie A. Pennington, Ph.D.
2034 King Circle
Conway, AR 72034
jodie.pennington@gmail.com
501-470-5017 cell
501-336-8986 home

---------- Forwarded message ----------
From: Jodie Pennington <jodie.pennington@gmail.com>
Date: Wed, Aug 3, 2011 at 8:04 AM
Subject: Re:
To: "Matthew B. McCoy" <mbmccoy@uasys.edu>
Cc: Martha_Fugate@ared.uscourts.gov, Jeff Bell <jbell@uasys.edu>


Mr McCoy,

In my earlier correspondence of July 28, 2011 (,PLAINTIFF'S REQUESTS
FOR SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

FROM DEFENDANTS AND PLAINTIFF'S RESPONSE TO DEFENDANTS REQUESTS FOR
SUCH ITEMS), I requested that depositions be completed one week after
we had exchanged information on discovery.  I have not received the
information requested yet and have not even received the information
from Dr Sugg which was to serve as a template for providing the
information from me and the other defendants.  Further, I requested
that we do depositions from plaintiff and defendants at the same time
to more efficiently utilize time and other resources.

Additionally, I have a mandatory meeting on Thursday, August 11, in
Jefferson City, MO.

In my conversation with Attorney Bell, I was under the impression that
we should discuss requests and that information such as you and I are
to exchange in discovery is routine.  As such, I don't see why I have
not received the template with Dr Sugg's information so that I can
complete my information.

Thank you and I look forward to arriving at a date that we can
complete depositions for plaintiff and defendants at the same time.

Please let me know if you have questions.  Jodie

--
Jodie A. Pennington, Ph.D.
2034 King Circle
Conway, AR 72034
jodie.pennington@gmail.com
501-470-5017 cell
501-336-8986 home


On Tue, Aug 2, 2011 at 4:56 PM, Matthew B. McCoy <mbmccoy@uasys.edu> wrote:
> Mr. Pennington:
>
>
>
> I have asked you several times for depositions dates (7/19 letter and 7/21
> email), but you have still not provided me with any dates.  Since the time
> period for discovery is running out, I have noticed your deposition for
> August 11, 2011 at our office beginning at 9:00 am.  The notice is attached
> and has been filed with the Court.
>
>
>
> Matthew McCoy
>
> Associate General Counsel
>
> University of Arkansas System
>
> 2404 North University Avenue
>
> Little Rock, AR  72207-3608
>
> Telephone:  (501) 686-2513
>
> Fax:  (501) 686-2517
>
> Email:  mbmccoy@uasys.edu

```
>
>
```

```
--
Jodie A. Pennington, Ph.D.
2034 King Circle
Conway, AR 72034
jodie.pennington@gmail.com
501-470-5017 cell
501-336-8986 home
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DISTRICT

JODIE A. PENNINGTON                                    PLAINTIFF


v.                              No. 4:10-CV-1071 DPM


THE BOARD OF TRUSTEES OF THE                    DEFENDANTS
UNIVERSITY OF ARKANSAS; B. ALAN SUGG,
President of the University of Arkansas System; MILO SHULT, Vice President for Agriculture; TONY WINDHAM,
Interim Associate Vice-President for Agriculture-Extension and Director of the Cooperative Extension Service; TOM TROXEL, Associate Head, Department of Animal Science, University
of Arkansas Cooperative Extension Service; and KEITH LUSBY, Head, Department of Animal Science, University of Arkansas

### **PLAINTIFF'S REQUESTS FOR SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS AND PLAINTIFF'S RESPONSE TO DEFENDANTS REQUESTS FOR SUCH ITEMS**

COME NOW the Plaintiff, ProSe, propound the following Interrogatories to all defendants pursuant to Rule 33 of the Federal Rules of Civil Procedure and Requests for Production of Documents from all defendants pursuant to Rule 34 of the Federal Rules of Civil Procedure.

1.      "Correspondence" or "communication" means any manner or means of disclosure, transfer, or exchange of information whether orally or in writing, face-to-face, or by telephone, mail, e-mail, wire or otherwise.

2.      "You" or "your" refers to defendants, both individually and as a group if appropriate, and any agents or representatives acting on his or her (their) behalf.

3.      "Document" or "documents" means all original and any and all non identical copies, different from the original by reason of notation made on such copy or otherwise, as well as all drafts, of

1

4.

agreements, contracts, communications, correspondence, facsimiles, e-mails and other electronic correspondence (whether printed or paper or maintained in electronic media), telegrams, memoranda, ledgers, records of sale, notes, interoffice or intraoffice or intercompany or intracompany communications, notices, confirmations, recordings, videotapes, summaries or records of personal or business telephone conversations, summaries or records of personal or business conversations or interviews, diaries, diagrams, exhibits, surveys, maps, graphs, reports, invoices, receipts, bills, notebooks, charts, plans, drawings, sketches, summaries or records of meetings or conferences, summaries or records of consultants, pamphlets, cables, expressions or statements of policy, minutes, computer printouts, teletypes, analyses, photographs, transcripts, blueprints, specifications, designs, microfilm or microfiche, vouchers, checks, audio and/or video reproductions, opinions, surveys, questionnaires, projects, comparisons, messages, offers, brochures, film, advertisements, circulars, press releases, letters, any marginal comments appearing on any documents, and all of the written, printed, typed or other graphic or recorded matter of any nature whatsoever including, without limitation, disks, tapes, disk drives, CD's, or other optical or magnetic media that is machine readable, in the possession (constructive or actual), custody or control of the entities and individuals to whom this request is directed, their agents, servants, representatives, shareholders, officers, directors, employees or other persons acting or purporting to act on behalf of the Defendants.

4.     "Relating to", "regarding" or "in connection with" means discussing, containing, embodying, referring to, or having any logical or factual relationship with the object.

## INSTRUCTIONS

1.     "Identify" when used in connection with the term "correspondence" or "communication" means to state (1) the identity of the persons involved, (2) the date, (3) the location of the correspondence

or communication, (4) whether the correspondence or communication was oral, written, or in another form, and (5) the substance of the correspondence or communication.

2, "Identify" when used in connection with the term "documents" means to state (1) the name, address and telephone number of the author, (2) the date, (3) the identity of each addressee of the documents and each person to whom it was provided, and (4) the general nature of the document. If the document has been lost or destroyed, you should describe with particularity the circumstances relating to the loss or destruction of the document, the approximate date of the loss or destruction, all persons who have knowledge concerning the loss or destruction, and provide a detailed statement of the contents of the document.

3.       "Identify" when used in connection with the term "person" means to state, to the extent possible, the person's name, home address and phone number, place of employment, business address and phone number, occupation, and title.

4. You are hereby requested to supplement these Interrogatories and Documents by the Federal Rules of Civil Procedure. This request is continuing up to the entry of final judgment in this cause.

5.    As plaintiff has indicated to defendants' attorney that he does not fully understand some of the requests and the reasons for such requests, plaintiff has requested and again herein requests that the interrogatories and documents for Dr. B. Alan Sugg be provided as a template or example for plaintiff to follow in answering the request from defendants prior to plaintiff completing the requests from defendants.  Plaintiff is willing to provide interrogatories and documents to defendants after he sees the template from Dr. Sugg but plaintiff does request an exchange of interrogatories and documents between plaintiff and other defendants at least one week prior to depositions of plaintiff and defendants. One week delay in time after exchange of interrogatories and

4

documents from plaintiff and defendants is to allow time to review interrogatories and documents from defendants.

To plaintiff, the requests seems overly-comprehensive (too inclusive and broad) and not specific as indicated in the first interrogatory as many people know of plaintiff's termination of employment from the University of Arkansas Division of Agriculture. Defendants' attorney indicated that these were routine requests and, as such, documents should be readily available from some defendants such as Dr. B. Alan Sugg. Further, plaintiff has previously provided much of this information describing discrimination to defendants in prior documents during Discovery (Documents 1-11 plus pages 1660-2022) and has provided selected documents describing discrimination both to the Court and defendants with the Amended Complaint (Attachment AA with supporting documents: Factual Basis for the Age-discrimination Claim and Retaliation).

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons you believe to have knowledge of any facts concerning the allegations in the Complaint (original filing of complaint) or Amended Complaint or the termination of employment of plaintiff with the University of Arkansas Division of Agriculture/Cooperative Extension Service. For each person, state the facts about which you believe he or she has knowledge.

**INTERROGATORY NO. 2:** Identify all persons with whom you have discussed the allegations in the EEOC complaints filed by the plaintiff or Complaint (original filing of district court complaint) or

Amended Complaint or the termination of employment of plaintiff with University of Arkansas Division of Agriculture/Cooperative Extension Service. For each person, state the facts about which you believe he or she has knowledge.

**INTERROGATORY** NO. **3:** Identify each person whom you may call to testify on your behalf at the trial of this matter, specifically designating whether he/she is an expert or a lay witness, and state the general nature of each such person's anticipated testimony.

**INTERROGATORY** NO. **4:** List all lawsuits and legal actions that each defendant or defendants as a group have been involved either as a party or a witness, including the date and place where the action was filed; the name of the office or court where the action was filed; the charge, case or court number; the identity of the other party or parties involved; and the names of the attorneys representing each party in such action, if any. As the ProSe Plaintiff does not have access to most legal records available to attorneys, for each such act or occurrence, list the date of such act or occurrence; the location; how it occurred; the names of any persons present when such act was alleged or occurrence happened, and how you were allegedly discriminated against and why you believe you were not discriminated against.

**INTERROGATORY NO. 5:** State why each defendant does not feel each act of discrimination by any employee or representative of University of Arkansas Division of Agriculture/Cooperative Extension Service which plaintiff claims constitutes as discrimination against plaintiff is not discrimination. Plaintiff claims are outlined in information describing discrimination to defendants in

6

prior documents during Discovery (Documents 1-11 plus pages 1660-2022) and in selected documents describing discrimination both to the Court and defendants with the Amended Complaint (Attachment AA with supporting documents: Factual Basis for the Age-discrimination Claim and Retaliation). Plaintiff believes that or each such act or occurrence, the date of such act or occurrence; the location; how it occurred; the names of any persons present when you alleged such act or occurrence happened, and how plaintiff believes he was discriminated against is listed in sufficient detail for defendants to respond. However, if defendants wish more specifics, plaintiff can be contacted at address by mail and at phone number below.

**INTERROGATORY NO. 6:** List all employers, persons, or entities for which you have worked or received any compensation for the ten (10) years prior to the date of your initial employment with the University of Arkansas Division of Agriculture/Cooperative Extension Service. For each, provide the dates of your employment, rate of compensation, a general description of your duties, reason for separation from previous employment, and the name, address and daytime telephone number of your former supervisor and personnel director.

**INTERROGATORY NO. 7:** Identify all efforts or action you took to find employment since 2000 to the present (e.g., reviewing newspaper ads, contacting employment agencies, sending out resumes, etc.) and the frequency with which you took such action(s) or made such efforts(s) (i.e., daily, weekly, monthly, etc.).

**INTERROGATORY NO. 8:** If applicable, identify the reason that you left the employment of the University of Arkansas and all efforts or action you took to find employment from the date you left your employment with the University of Arkansas Division of Agriculture/Cooperative Extension Service, to the present (e.g., reviewing newspaper ads, contacting employment agencies, sending out resumes, etc.) and the frequency with which you took such action(s) or made such efforts(s) (i.e., daily, weekly, monthly, etc.). List all persons or entities to which you submitted an application for employment after the date you were no longer employed with the University of Arkansas, including the date on which you applied and the method by which you applied.

List all damages claimed by you in connection with this Amended Complaint, with an explanation for each financial loss claimed.

**DOCUMENT PRODUCTION REQUESTS FOR DEFENDANTS**

**REQUEST FOR PRODUCTION NO**. 1: Produce copies of all correspondence, communications, documents and other items that you or your attorney have not previously provided to Plaintiff which you believe support the defense of allegations in this Complaint.

REQUEST FOR PRODUCTION NO. 2: Produce copies of all correspondence, communications, documents, exhibits or other items that you have not previously provided to Plaintiff which you may refer to or offer into evidence at the trial of this matter.

REQUEST FOR PRODUCTION NO. 3: Produce a copy of all correspondence, communications, documents, declarations, affidavits or statements, whether recorded, written, oral, stenographically transcribed or otherwise, that you or anyone else acting on your behalf has obtained from any person(s) who

have information or knowledge pertaining to the defense of allegations in plaintiff's Complaint, unless they have already be provided to Plaintiff.

.

**REQUEST FOR PRODUCTION NO. 4:** If you contend that plaintiff or any witness or potential witness has made any statements or admissions which have any relevance to this matter, please produce such statements or admissions or identify such statements or admissions and provide them to the plaintiff.

**REQUEST FOR PRODUCTION NO. 5:** Provide a copy of all schedules, calendars, date books, lesson plans, diaries, notebooks or journals, whether in written or electronic format, kept by Defendants at any time during the last (7) years.

**REQUEST FOR PRODUCTION NO. 6:** For each expert you plan to call as a witness, please provide the current curriculum vitae of the expert; any written report prepared by the expert witness containing his/her opinion and conclusions relating to the matters about which he/she may testify at trial; as well as any underlying data, resource materials, written documents, computer programs or disks, or other materials, produced by or utilized by each expert in reaching his/her conclusion, preparing his/her written report or preparing for his/her testimony at trial.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all of your federal and state income tax returns, pay stubs, 1099 forms, and W-2 forms from 2004 to present.

**REQUEST FOR PRODUCTION NO. 8:** Produce a copy of all bills, receipts, statements, correspondence, communications, documents and exhibits, medical or otherwise, for which you claim Defendants are responsible for payment.

9

**REQUEST FOR PRODUCTION NO. 9:** To the extent they have not already been provided, provide a copy of all documents, records, communications, or correspondence that you believe supports the allegation that the University of Arkansas Division of Agriculture/Cooperative Extension Service and/or its employee(s) did not discriminated against plaintiff on the basis of age or retaliation.

**REQUEST** FOR **PRODUCTION NO. 10:** Please provide a copy of all documents not specifically requested above, but which were used to answer these interrogatories or that will support your claim for lack of discrimination, including but not limited to retaliation, in this action.

**REQUEST FOR PRODUCTION NO. 11:** Produce your current employment resume which includes all prior employers and list of all schools attended so as to allow for completion of requests in NO. 12 and NO. 13 below.

**REQUEST FOR PRODUCTION NO. 12:** Complete and sign the attached *Authorization for Disclosure and Release of Education Records* and return it with your responses to the address below.

**REQUEST FOR PRODUCTION NO. 13:** Complete and sign the attached *Authorization for Disclosure and Release of Employment Records* and return it with your responses to the address below.

Respectfully submitted,

Jodie A. Pennington
2034 King Circle, Conway, AR 72034
501-4701-5017; jodie.pennington@gmail.com

10

## AUTHORIZATION FOR DISCLOSURE AND RELEASE OF EDUCATION RECORDS

Re: Your

Name_____

DOB: _____

SS#:

     I, _____(Your Name), do hereby authorize the release to Jodie A. Pennington,2034 King Circle, Conway, AR 72034, all academic transcripts, reports of disciplinary action, warnings, violations, information, records, reports and any other documentation or correspondence pertaining to _____ within the school records for the years I attended your institution.

    A photocopy of this authorization shall be valid as the original and shall remain in effect for (1) one year from the date below.

                          **YOUR PRINTED NAME AND SIGNATURE**

                          **DATE**

11

# AUTHORIZATION FOR DISCLOSURE AND RELEASE OF EMPLOYMENT RECORDS

Re: YOUR
    NAME_____
**DOB:** _____
SS#:

I, _____(Your Name), do hereby authorize any past or present employer to release to Jodie A. Pennington, 2034 King Circle, Conway, AR 72034, any and all documentation related to my employment, specifically including, but not limited to, the following:

1.      job applications;
2.      resumes and references;
3.      disciplinary action, warnings, and reprimands;
4.      complaints and grievances;
5.      performance evaluations;
6.    wage and work history;
7.      leave requests;
8.      time cards;
9.      absences and loss of time;
10.     requests for unemployment or workers' compensation;
11.     reasons for separation and/or discharge from employment, and
12.   Any involvement in prior or present litigation with which the above individual was involved, whether as a suit against individual or individual was involved in the litigation in any manner.

A photocopy of this authorization shall be valid as the original and shall remain in effect for (1) one year from the date below.

**YOUR PRINTED NAME AND SIGNATURE**

_____

_____

**DATE**

_____

12