### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**JODIE A. PENNINGTON**                                  **PLAINTIFF**

v.                              **No. 4:10-cv-1071-DPM**

**THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ARKANSAS; B. ALAN
SUGG; MILO SHULT; TONY WINDHAM;
TOM TROXEL; and KEITH LUSBY**              **DEFENDANTS**

### ORDER

Dr. Jodie Pennington worked as an extension dairy specialist for the
University of Arkansas Cooperative Extension Service. After two
consecutive annual evaluations concluded that Pennington's performance
was below expectations, the University fired him. Dr. Pennington believed
that the University discriminated against him based on his age while he
was an employee, fired him in retaliation for an age-discrimination
grievance he filed, and then blacklisted in retaliation for his post-
termination EEOC charge. After exhausting his remedies with the EEOC,
Dr. Pennington brought this action alleging violations of the Age

Discrimination in Employment Act and § 1983. The University* moves for summary judgment. In response, Dr. Pennington has abandoned his claim about age-based discrimination while he was still on the job. This leaves only his claims for pre- and post-termination retaliation. There are many legal issues and factual details swirling in the extensive briefs. But the case comes down to the calendar and causation.

1. **Timeliness.** Dr. Pennington had ninety days after receiving a right-to-sue notice to file a timely ADEA action. *Hallgren v. U.S. Department of Energy*, 331 F.3d 588, 589 (8th Cir. 2003); 29 C.F.R. § 1614.407(a). His retaliation allegations came in two separate EEOC charges. The first, filed shortly after Pennington's firing, alleged that the University discriminated against him based on his age and retaliated against him for filing an age-discrimination grievance. The EEOC issued a right-to-sue letter in November 2009. Dr. Pennington then filed a second EEOC charge. In it, he alleged that the University retaliated against him for the first charge by

---

*Pennington has sued the University of Arkansas Board of Trustees, the President of the University system, and several individuals involved in Pennington's firing. The Court will use the University as shorthand for all the Defendants.

giving negative job references and intimidating his witnesses. The EEOC issued a right-to-sue letter on the second charge in April 2010. He filed suit approximately three months later.

It is undisputed that Dr. Pennington's suit is timely as to the second charge; but the University argues that his claims arising from the first charge are time barred. It is correct. Almost eight months passed between the issuance of the first right-to-sue letter and the filing of this lawsuit. And Pennington's second EEOC charge does not revive the claims made in the first charge. *Spears v. Missouri Department of Corrections & Human Resources*, 210 F.3d 850, 853 (8th Cir. 2000). To preserve and assert those claims, he had to file suit by February of 2010. He did not. Further, the Court declines Dr. Pennington's invitation to apply equitable tolling to the facts here. He has not shown that the circumstances that caused him to miss his deadline were "out of his hands." *Hallgren*, 331 F.3d at 590 (quotation omitted). His pre-termination retaliation claim arising from the first EEOC charge is time barred. And this bar ends most of the case.

**2. Post-termination Retaliation.** Dr. Pennington's remaining claim fails as a matter of law. He says that the University blacklisted him after he

filed his first EEOC charge. He described the situation in his second EEOC charge: "I believe my former employer is giving me negative references, and intimidating my witnesses, in retaliation for filing a previous charge." *Document No. 52-1, at 113*. Dr. Pennington has failed to support this allegation with proof on summary judgment. FED. R. CIV. P. 56(c). The subjective belief that one was discriminated against will not forestall judgment as a matter of law. *Canady v. Wal-Mart Stores, Inc.*, 440 F.3d 1031, 1034 (8th Cir. 2006). And it is not clear that Dr. Pennington can assert intimidation of witnesses as a basis for recovering on his *retaliation* claim. This conduct might create a § 1985 conspiracy claim, which Pennington neither pleaded nor proved. 42 U.S.C. § 1985(2); *Haddle v. Garrison*, 525 U.S. 121, 124–25 (1998). In any event, no evidence exists—from Dr. Pennington or any potential witnesses—that anyone was intimidated.

To establish a *prima facie* case of retaliation, Dr. Pennington "must show that he engaged in protected conduct, that he suffered an adverse employment action, and that the adverse action was causally linked to the protected conduct." *Griffith v. City of Des Moines*, 387 F.3d 733, 738 (8th Cir. 2004) (quotation omitted). The missing link here is causation. Assume that

-4-

it is true that, sometime after Dr. Pennington filed his first EEOC charge, the University gave him negative references. Something more than timing is generally required to present a genuine issue on retaliation. "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close[.]" *Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001) (quotation omitted).

Pennington has offered no proof about when the alleged negative references or the alleged witness intimidation occurred in relation to his first charge. There is no evidence that these alleged acts followed his charge so closely as to raise an inference of causation. Pennington's allegation shows correlation, not causation. His post-termination retaliation claim therefore fails as a matter of law.

* * *

Motion for summary judgment, *Document No. 52*, granted. Pennington's complaint is dismissed with prejudice.

-5-

So Ordered.

D.P. Marshall Jr.
United States District Judge

15 June 2012